Ruffin, C. J.
 

 There does not appear to be error in the opinion given by his Honor-on either point.
 

 Whatever may have been the intention of themagis'rate at the time, it is certain that the judgment, as expressed, does not purport to be a determination between the plaintiff and the present defendant. Even if the defendant could be aided by evidence
 
 dehors
 
 the judgment, the witness, produced by him and examined, apparently without objection, gave none, which could affect the case. Indeed, the defendant seems to have failed to give evidence even to the essential point, that the bond, on which the former warrant was brought, is the same now sued on.
 

 Whether the defendant be answerable as executor
 
 de son tort,
 
 was correctly made to depend on the question, whether the conveyance, under which he took and holds the personalty, be fraudulent against the plaintiff, as a creditor of the father ; for, that is the only way in which the creditor can, after the death of his debtor, reach chattels fraudulently conveyed by the debtor. Therefore, it has been long settled, that the creditor shall have this action against a fraudulent donee. We hold that conveyance to be undoubtedly fraudulent, and that it was the duty of the presiding Judge so to pronounce it. A deed is declared by the law to be fraudulent and void, which is made with intent to defeat a creditor, or to hinder him, or delay him. Generally speaking, a deed made by one person to another simply and absolutely, is,
 
 prima facie, to be
 
 taken as
 
 bona fide
 
 and made upon due consideration,
 
 *368
 
 as expressed in the deed, and for the benefit of the person to whom it is made. But, if it was not, in fact, made for the benefit of that person, but for that of the maker of the deed, or, without any valuable consideration, for the benefit of some member of his family, it is obviously unjust and fraudulent, if, thereby, a creditor, existing at the time, is prevented or delayed from obtaining satisfaction of his debt by process of execution. Ordinarily, the benefit intended for the donor and his family is not expressed in the deed, but rests in a secret confidence or trust; and the reason is, that their interest may be concealed and the creditor thus deprived of evidence of its existence. In such cases the creditor is compelled to have recourse to such extraneous proof as he can make of the secret trust for the 'donor ; and, of course, the question, thus depending Upon proof by witnesses, must be left to the jury.' But it is, then, only left to them as to the existence of the supposed trust, and not to the effect of it. For, if the jury find that the deed was not truly made for the benefit of the donee, as it purports to have been, but for that of the donor or his family, it is a matter of law, that it is. fraudulent, and the Court is bound so to tell the jury. For, if the deed stand, the creditor cannot take the property upon execution, although his debtor have the whole benefit of it; and, therefore, he could not have any motive for thus parting with the legal title, but to create an impediment to the creditor. The case then plainly falls within the very definition of fraud. When, however, the parties do not even conceal the trust, but set it out in the deed itself, there is nothing to be left to the jury. The deeds speaks plainly the fact, which in the other case was a subject of enquiry for the jury, and on the finding of which the instruction followed, that the deed w’as fraudulent within the statute ; and when the deed thus discloses the trust, it is alike the province and the duty of the Judge to declare that in law it is fraudulent.
 
 Gregory
 
 
 *369
 
 v.
 
 Perkins,
 
 4 Ire. SO. It was said, indeed, at the bar, that the defendant had no bad intent in accepting this conveyance, but, on the contrary, the pious and benevolent one of obeying and serving his parents ; and, therefore, that he ought not to be branded with fraud, but his conduct left to the charitable construction of a jury. But that argument is founded on a misconception of the nature of fraud in the eye of the law. It is very certain that, in many cases, that, which is deemed a frauds in law, is perpetrated upon motives much less base than it is in others; and the present may be stated as an example of conduct the least criminal in a moral point of view, among eases of the kind. Still, it is illegal, and a prejudice to honest creditors, and to that extent, at least, immoral. Por, it is a contrivance, which, if successful, would protect the property from being reached by execution at law, although, the owner of the legal title took no beneficial interest in the property, but the whole was secured to the debtor. 1$ is true, that by the Act of 1818, such trusts may be sold on execution. Yet it may be a serious question, whether the deed is not in all oases to be viewed as fraudulent, when the trust declared is for the maker himself, although the judgment and sale under execution be in the debtor’s lifetime, as the purchaser may be embarrassed in equity by accounts between the trustee and his
 
 cestui que trust..
 
 But, however that may be, it seems certain, that it may be so treated when the debtor is dead before judgment., For, after the debtor’s death, the only way in, which the-debtor’s property can be reached, is by treating the trustee in possession as executor
 
 de son
 
 tort; because i© no. other way can a judgment be obtained establishing the debt, and authorising process against the property, as that of the deceased debtor. So that, unless it can be reached in that way, upon the ground oí the fraud, the creditor would be without any remedy at law in such case.
 

 
 *370
 
 It was farther contended for the defendant, that the Act of 1840, ch. 88, sec- 4, restrains the Court from pronouncing the deed fraudulent in law, and that in all cases the question is to be left, as one of actual intent, to the jury. But that is only so, when the donor is not indebted at the time of the conveyance, or retains property sufficient and available for the satisfaction of all the creditors he then had. When sufficient property is thus retained, then the intent, as a matter of fact, is for the jury as to the creditors, as it is in all cases, by the second section, as to purchasers. But here the debt had been previously contracted, and the case states that the donor had no property, real or personal, but that conveyed to the son. The conveyances therefore cannot but be fraudulent under those circumstances.
 

 Per Curiam. Judgment affirmed.